UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREG RUGGLES, Individually, | : |
| And | : |
| Leland Foster, Individually, | : Case No. 1:12-cv-00118 |
| Plaintiff, | : |
| v. | : |
| AVENIR HOSPITALITY, LLC, an Indiana Limited Liability Company | : |
| Defendant. | : |

## AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
### (w/Jury Demand Endorsed Hereon)

Plaintiff, GREG RUGGLES, Individually, and Plaintiff, Leland Foster, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, AVENIR HOSPITALITY LLC, an Indiana Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, GREG RUGGLES, is an individual residing in DEFIANCE, OH, in the County of DEFIANCE.

2. Plaintiff, Leland Foster, in an individual residing in Swanton, OH, in County of Fulton.

3. Defendant's property, BAYMONT INN FORT WAYNE is located at 1005 W. Washington Center Road, Fort Wayne, IN 46825 in County of ALLEN.

## JURISDICTION AND VENUE

4. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is properly located in the Northern District of Indiana because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff, GREG RUGGLES is an OHIO resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Greg Ruggles is diagnosed with Spina Bifida and uses a wheelchair for mobility. GREG RUGGLES has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

8. Greg Ruggles travels to Fort Wayne, Indiana on a monthly basis because this is the nearest mid-sized city to his home, he frequents the restaurants, businesses and establishments of Fort Wayne, including the property subject of this complaint, and Greg Ruggles visits friends who reside in Allen County, IN often.

9. Plaintiff, LELAND FOSTER is an Ohio resident, is sui juris, and qualifies as an

individual with disabilities as defined by the ADA. Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Additionally Leland Foster has difficulty grasping with his hands also as a result of his disability. LELAND FOSTER resides within 100 miles of the hotel property, has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Plaintiff, Leland Foster, frequents Fort Wayne, Indiana to participate in sled hockey events hosted in Fort Wayne, as well as to purchase custom sporting equipment for the disabled at specialty retailers in Fort Wayne. Leland Foster has definite and firm plans to return to Baymont of Fort Wayne as a hotel guest.

11. Completely independent of the personal desires of the Plaintiffs to have access to this place of public accommodation free of illegal barriers to access, Plaintiffs each also act as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiffs employ a routine practice. Each Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiffs also intend to

   visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiffs, in each Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as BAYMONT INN FORT WAYNE is located at 1005 W. Washington Center Road, Fort Wayne, IN 46825

13. GREG RUGGLES and LELAND FOSTER have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 15 of this complaint. Plaintiffs have reasonable grounds to believe that each will continue to be subjected to discrimination in violation of the ADA by the Defendant. GREG RUGGLES and LELAND FOSTER desires to visit BAYMONT INN FORT WAYNE not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiffs by denying them access

to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of BAYMONT INN FORT WAYNE has shown that violations exist. These violations include, but are not limited to:

Parking:

    A. Designated accessible parking spaces are on a significant slope in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services:

    B. Lobby service counter exceeds 36 inches with no lowered surface in violation of the ADA whose remedy is readily achievable.

    C. Fitness room has features that are in violation of the ADA whose remedy is readily achievable.

Public Restrooms:

    D. Door hardware on the public restrooms require tight grasping and twisting in violation of the ADA whose remedy is readily achievable.

    E. Dispensers are mounted at heights that exceed allowable ranges in violation of the ADA whose remedy is readily achievable.

Hotel Guestrooms:

    F. There are an insufficient number of designated accessible guestrooms in violation of the ADA whose remedy is readily achievable.

    G. There are no designated accessible guestrooms with roll-in showers in violation of the ADA whose remedy is readily achievable.

    H. Controls to lamps and other guestroom amenities require tight grasping in violation of the ADA whose remedy is readily achievable.

    I. Toilets in the designated accessible guestroom do not have flush controls situated on open side of stall in violation of the ADA whose remedy is readily achievable.

  J. Guestroom amenities are mounted at heights that exceed allowable reach ranges in violation of the ADA whose remedy is readily achievable.

  K. Showerheads in the tub rooms are mounted at a height in excess of allowable range in violation of the ADA whose remedy is readily achievable.

  L. Door locks and latches are installed at heights that exceed allowable reach range in violation of the ADA whose remedy is readily achievable.

  M. There are sinks with exposed pipes in violation of the ADA whose remedy is readily achievable.

Policies & Procedures

  N. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

16. The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiffs, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.     Plaintiffs restate the allegations of ¶¶1-16 as if fully rewritten here.

18.     BAYMONT INN FORT WAYNE, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.     Plaintiffs were unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of their disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against each Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including the Plaintiffs.

20.     The Plaintiffs, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

21.     Pursuant to 42 U.S.C. §12187, Plaintiffs request that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiffs request reasonable attorneys fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW

**In. Code §22-9-1 et seq.**

22. Plaintiffs restate the allegations of ¶¶1-21 as if fully rewritten here.

23. BAYMONT INN FORT WAYNE, and the businesses therein, are "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiffs equal access to and use of public accommodations.

25. Pursuant to In. Code §22-9-1-6, Plaintiffs are entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiffs demand,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of the goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiffs demand a jury trial on liability and damages for Count II.


Respectfully Submitted,

*Counsel for Plaintiff:*

          <u>\s\  Owen B Dunn, Jr.    dated: June 1, 2012</u>

          Owen B. Dunn, Jr., Esq. OH Bar Number 0074743
          Law Office of Owen B. Dunn, Jr.
          520 Madison Ave., Suite 330
          Toledo, OH 43604
          (419) 241-9661
          (419) 241-9661 – Phone
          (419) 241-9737 - Facsimile
          dunnlawoffice@sbcglobal.net